### VAN HEUSEN PRODUCTS, Inc., et al. v. EARL & WILSON.

### SAME v. CLUETT, PEABODY & CO., Inc.

(District Court, S. D. New York. July 19, 1924.)

Patents ⬤⟶328—No. 1,383,694, for collar, held infringed.

The Bolton patent, No. 1,383,694, for a reinforced collar, *held* infringed.

In Equity. Suits by the Van Heusen Products, Inc., and the Phillips-Jones Corporation against Earl & Wilson and against Cluett, Peabody & Co., Inc. Decrees for complainants.

See, also, 300 Fed. 922.

Charles Neave and Merrell E. Clark, both of New York City (Frank C. Curtis, of Troy, N. Y., of counsel), for plaintiffs.

Odin Roberts, of Boston, Mass., and Livingston Gifford and Drury W. Cooper, both of New York City, for defendants.

LEARNED HAND, District Judge. The question reserved for agreement by counsel under the second Bolten patent, No. 1,383,694, must be decided. It is whether Figures B and D of Exhibit 25 are infringements. As to Figure B, the only question is whether the "gut" thread or "filler" is "an intermediate reinforce" within the language

of claim 1. For exactly the same reasons as I gave in respect of the first Bolton patent (300 Fed. 922) I think that "reinforce" clearly includes a layer of stuff homogeneous with the main weave; that is, it requires neither wire nor other foreign substance. Claims 2 and 3 show that "reinforce" in this claim was so used, though formally the demonstration is not quite so exact as in the first chain of four claims in the other patent. It remains, nevertheless, to decide whether "reinforce" should include a layer made up of a row of "gut" threads placed between the true plies, not constituting a ply in itself at all.

It must be owned that the disclosure is only of plies, properly speaking, and that Bolton, in his specifications (page 2, lines 30–44), had not in mind a "reinforce" which should not itself be a self-subsisting fabric. Nevertheless, when the "binder" threads hold the "gut" threads between the two plies, the series does in fact form "an intermediate reinforce" which seems to me in function the same as though it was a true ply. If it were found that the substitution of a row of "gut" threads would do the thing required, would give a stiffness substantially the same as a complete ply, the means employed are not so dissimilar as to be beyond a fair range of equivalents. Either these patents do not contain the invention at all—a proposition about which men will doubtless differ—or they ought not to be limited by too nice an interpretation of an ambiguous word like reinforce. Therefore I hold that Figure B of Exhibit 25 infringes claim 1 of the second patent. Obviously Figure C does not.

As to the "gut" threads of Figure D of Exhibit 25, the same reasoning applies, but the structure of the fabric as a whole is another matter. Indeed, this fabric is said to infringe neither claim, because it does not contain two proper plies. Can it be said that this has a "reinforce interwoven therein," in the language of the first patent, or "an inner and outer layer," in the language of the second? The "reinforce" of the first patent I have held to be the back layer of the double ply fabric. It is quite true that nothing is disclosed in either patent, but the common true multiple ply and Figure D is not such. Yet Chittick, who was a most admirable and candid witness, classed Figure D "with the same class of broad general description of double fabric." It seems clear to me that it must be so classed. It has two sets of "picks" arranged in separate rows. It has four warp threads surrounding such picks, and in such a weave as to give substantially the same result as though each couple enlaced only a single row of "picks," instead of alternating from one to the other. It is quite true that the result is to allow the omission of any "binder" threads which in this structure become unnecessary, but that I submit is not a substantial difference in result or method. The fabric may be better or worse, but it is none the less a fabric which is in substance interwoven and which is made up of separate layers or plies. Doubtless it is itself a patentable variation upon what I have found to be Bolton's idea, but it is still a variation, within the reasonable purview of the language and the same in purpose and result. Hence I hold that Figure D is covered by both claims.

I file the decree herewith.